**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHWINDER SINGH MANN, | No. 05-70962 |
| Petitioner, | Agency No. A079-281-583 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges

Sukhwinder Singh Mann, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo the legal determinations. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the BIA's finding that Mann failed to show it is more likely than not he will be tortured if returned to India. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007). Accordingly, his CAT claim fails.

In denying asylum and withholding of removal, the BIA assumed, without deciding, that petitioner suffered past persecution and concluded that the government had successfully rebutted a presumption of a well-founded fear of future persecution by establishing changed country conditions in India. In reaching this conclusion, the BIA relied on country reports from 1997, even though Mann testified that his second arrest, detention, and beatings occurred in 1999. Because this report predates one of Mann's primary incidents of harm, the BIA's analysis of changed country conditions was not sufficiently individualized to petitioner's harm. *See Lal v. I.N.S.,* 255 F.3d 998*,* 1010 (9th Cir. 2001) (the determination of whether or not a particular applicant's fear is rebutted by general country conditions information requires an individualized analysis that focuses on

05-70962

the specific harm suffered and the relationship between the particular information contained in the relevant country reports and this harm).

Accordingly, we grant the petition for review with respect to Mann's asylum and withholding of removal claims and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**